The defendant, some years past, obtained judgment before a justice of the peace against one Sherwood Allen and the present plaintiff. That judgment stood unrevived for five or six years, when defendant sold the judgment, as appears by an assignment upon its back, to one Michael Green. Execution was taken out upon the judgment (still unrevived) by Green, in the name of Carrington, and levied upon the whole of plaintiff's property and caused the same to be sold. Execution was then taken out by Green, in the name of Carrington, against the body of plaintiff, and he committed to prison, where he remained till his friends paid the money for him. It appeared also in evidence that the judgment *Page 32 
had been paid off by Sherwood Allen, and a receipt given by Carrington; that Allen had removed to the western country and carried the receipt with him, and had been gone some years before the date of the assignment to Green. The present plaintiff, Bradley, on the trial below, proved the fact of payment by Allen, and obtained and produced the receipt to Allen. The jury found a verdict for the plaintiff for $150, and a new trial was moved for upon the ground that the action should have been case, and not trespass, which was ordered by the judge presiding to be transferred to the Supreme Court, to determine whether there shall be a new trial.
The plaintiff has sustained a great injury in having had his property sold and his person imprisoned to pay, not a debt which he or Allen owed, but to satisfy a demand founded neither in honesty nor justice. We do not feel ourselves at liberty to attach any share of blame to Green, the assignee of the judgment, because he may have honestly purchased it. But, supposing this to be the case, he then became the innocent instrument of oppression in the hands of Carrington; and Carrington is fully as culpable in having caused Green to take out executions on the judgment which he sold to him as if he had taken them out himself. And we are clearly of opinion that where a judgment has been satisfied, and that known to a plaintiff who takes out execution upon it, he is, in a moral point of view, just as culpable as where he takes out execution where there is no judgment, and that fact known to him; in which case we cannot doubt but an action of trespass would properly lie.
As to the point attempted to be made, namely, what is the remedy when execution is taken out upon a dormant judgment, we think it unnecessary to give any opinion.
NOTE. — See Allen v. Greenlee, 13 N.C. 370; Bender v. Askew,14 N.C. 149; Coltraine v. McCain, ibid., 308.
(40)